IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VINODH RAGHUBIR,
    Petitioner,

vs.                                         Case No.: 4:19cv598/WS/EMT

SECRETARY DEPARTMENT OF CORRECTIONS,
USCA JUDICIARY, and
US DISTRICT COURT JUDICIARY,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

On November 4, 2019, the United States Court of Appeals for the Eleventh Circuit received a pleading from Petitioner titled, "Objection /+ Demand for Jury Trial /+ <2241> Petition for Writ of Habeas Corpus /+ Petition for Panel Rehearing En Banc /+ Petition for Injunctive Relief /+ Request for Admissions" (*see* ECF No. 1, attached USCA Order). On December 9, 2019, the Eleventh Circuit issued an order stating it would take no action on Petitioner's filing to the extent he sought relief in that court (*see id.*). The Eleventh Circuit stated that to the extent Petitioner sought to file a petition for writ of habeas corpus under 28 U.S.C. § 2241, the petition would be transferred to the Northern District of Florida, because Petitioner is housed at a facility of the Florida Department of Corrections located in the Northern District (*see id.*).

The Northern District of Florida received the transferred pleading on December 13, 2019, and it was referred to the undersigned (*see* ECF No. 1). The undersigned noted that Petitioner neither paid the filing fee nor filed a motion to proceed in forma pauperis ("IFP"). And the undersigned noted that Petitioner did not file his habeas petition on the form approved for use in this Court, as required by the Court's Local Rules. *See* N.D. Fla. Loc. R. 5.7(A). Therefore, on December 17, 2019, the court directed Petitioner to file an amended habeas petition on the court-approved form, and either pay the filing fee or file an IFP motion (*see* ECF No. 3). The court directed the clerk of court to send Petitioner the appropriate petition form, and the court provided Petitioner thirty (30) days to comply with the order (*see id.*).

Petitioner filed an amended petition, but it was not on the court-approved form (*see* ECF No. 4). Indeed, Petitioner took issue (and continues to take issue) with the court's requiring him to file his petition on the form, even though the court advised him that the requirement is clearly set forth in the court's Local Rules (*see id.*). Additionally, Petitioner did not file an IFP motion or pay the filing fee. Therefore, on January 21, 2020, the court issued an order requiring Petitioner to show cause, within thirty (30) days, why this action should not be dismissed for his failure to comply with an order of the court (ECF No. 5).

The time for Petitioner's compliance with the show cause order has now elapsed. Although Petitioner has filed numerous pleadings, motions, and other documents primarily complaining about the Eleventh Circuit's transferring his initial pleading to this Court and complaining about the District Court for the Middle District of Florida's handling of his pending § 2254 habeas petition, *see Raghubir v. Sec'y, Dep't of Corr.*, No. 6:18cv01017/GKS/LPH (M.D. Fla. June 27, 2018), Petitioner still has not complied with this Court's order directing him to (1) file an amended habeas petition on the court-approved form, and (2) pay the filing fee or file an IFP motion.

For these reasons, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Petitioner's failure to comply with an order of the court.

At Pensacola, Florida, this 28th day of February 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use**

Case No.: 4:19cv598/WS/EMT

**only and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.